# EXHIBIT A

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022                                    Page 4

```
 1              SAN BERNARDINO, CALIFORNIA, WEDNESDAY
 2                     NOVEMBER 30, 2022
 3                        9:05 A.M.
 4                        *  *  *  *
 5                     ROSANDA BROWN,
 6   called as the deponent by the defendants, having been
 7   first duly sworn, was examined and testified as
 8   follows:
 9
10              THE WITNESS:  I would --
11              MR. MUNGER:  Go ahead.
12              THE WITNESS:  I will state for the record --
13   read something for the record.
14              Is that okay if I start this before we do
15   start?
16              MR. MUNGER:  Sure.
17              THE WITNESS:  So for the record --
18              DEPOSITION OFFICER:  You are going to have
19   to speak up and talk a lot slower.
20              THE WITNESS:  Thank you.
21              DEPOSITION OFFICER:  You're welcome and I'm
22   going to keep reminding you.
23              THE WITNESS:  Okay.  Thank you.
24              For the record, I will preface this
25   deposition by stating that anytime I say "objection"
```

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022                                    Page 5

```
1   today in response to any and all questions I hereby
2   will be objecting based on compound question, leading
3   question, asking and asked, lacks foundation,
4   relevancy, invasion of privacy, form, vague,
5   ambiguous, calls for speculation, calls for a
6   narrative of lengthy explanation, mischaracterization
7   of early testimony, mischaracterization of facts,
8   mischaracterization of evidence, incomplete --
9   argumentative, harassment, assume facts not in
10  evidence, calls for legal conclusion, calls for
11  opinion, lack of personal knowledge, hearsay,
12  doctor/patient privilege, sexual assault counsel,
13  taxpayer privilege, attorney/client privilege, Fifth
14  Amendment privilege, doctor/patient, speaking and
15  coaching, attorney testifying, no question pending,
16  unable to authenticate documents which I have no
17  personal knowledge of.
18
19                       EXAMINATION
20  BY MR. MUNGER:
21       Q    Anything else?
22       A    No.
23       Q    This is the deposition of Rosanda Brown
24  taken pursuant to written notice and governed by the
25  Rule 30 of the Federal Civil Procedure, Case Number
```

1    20CV-04566-SEGJSA.

2           Ms. Brown, I know we met earlier briefly,

3    but I'm Tom Munger.  I'm an outside counsel for Delta

4    and I represent Delta in this lawsuit.  That's Val

5    Cometto, she's a attorney that's employed by Delta in

6    the inhouse attorney that's working on the case with

7    me.

8           Have you ever had your deposition taken

9    before?

10   A     No.

11   Q     Let me tell you a little bit, just some

12   basic ground rules that are used.

13          What I'm going to do is be asking you

14   questions.

15          Let me just stop right now.

16          What are you doing right now?

17   A     Putting her name, because I didn't bring my

18   pen.  I left my pen in the car.

19   Q     I'm sorry.  What are you doing?

20   A     Putting her name.

21          And I know you are Mr. Munger.

22   Q     Oh, gotcha.

23   A     So I just put Val.

24   Q     I'll let you finish that and you can put

25   your phone away, because I don't want you to be

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022                                Page 7

1    looking at your phone while I'm asking you questions.

2        A    This is how I'm taking my notes.

3        Q    This will be transcribed by the -- so at the

4    end of this -- everything I say and everything you

5    say on the record will be in a transcript so you'll

6    have that.  So you don't need to --

7        A    My reason for taking the notes is if I have

8    to ask questions later on that I won't have access to

9    the transcript at this moment while we are having

10   conversation.

11       Q    Well, can you use a pen and paper for your

12   notes?

13       A    Sure.  I left my pen inside the vehicle.

14       Q    I prefer you wouldn't be using your phone

15   during the deposition.

16       A    I can place it on airplane mode if that

17   makes you feel more comfortable.

18            MS. COMETTO:  I have a pen.

19            MR. MUNGER:  Let's use a pen and paper.

20            The witness is not permitted to use a phone

21   during deposition.

22            THE WITNESS:  Even if it's taking notes?

23            MR. MUNGER:  Well, I don't know what you are

24   doing on the phone.  Yes.

25            THE WITNESS:  Well, you can see what it is

1   that I'm doing.

2   BY MR. MUNGER:

3       Q    Well, I don't know what you are doing on the

4   phone.  Yes.

5       A    Oh, you can see what it is I'm doing --

6       Q    I'm not interested in seeing.

7            DEPOSITION OFFICER:  Wait.  We cannot talk

8   over each other.  Okay?

9            THE WITNESS:  Okay.

10  BY MR. MUNGER:

11      Q    Yeah.  Let me just do that rule right now.

12           She can't take down both of us talking at

13  the same time.  So if you'd wait until I'm done,

14  whether it's a question or a statement before you

15  talk that will be good and I will do the same for

16  you.  I'll try to do the same for you.  I will wait

17  for you to be done before I talk.

18           Also, she can only take down verbal

19  testimony -- yes or no, not a shrug of the shoulders

20  or nod.  So there might be times that I say, "I see

21  you are nodding.  Can you give me a verbal answer?"

22      A    Yes.

23      Q    Do you understand that?  Okay.

24      A    I was waiting for you to answer.

25      Q    I'm going to ask you questions about your

| | | |
|---|---|---|
| 1 | A | Yes. |
| 2 | Q | Okay.  What did you do? |
| 3 | A | Reviewed documents. |
| 4 | Q | You reviewed documents.  Okay. |
| 5 | | Anything else? |
| 6 | A | Reviewed documents. |
| 7 | Q | Okay.  Anything other than review documents? |
| 8 | A | No. |
| 9 | | What's on the paper that she's writing on? |
| 10 | | MS. COMETTO:  Doesn't matter. |
| 11 | | MR. MUNGER:  We're counsel, we can |

12  communicate with each other, it's privileged.  If you

13  had counsel you could do the same thing.

| 14 | | Are you wearing earbuds? |
| 15 | | THE WITNESS:  I'm not wearing an earbud. |

16  BY MR. MUNGER:

| 17 | Q | Do you have anything in your ear? |
| 18 | A | It is something in my ear. |
| 19 | | Would you like me to take it out? |
| 20 | Q | Yes. |
| 21 | A | It is not on. |
| 22 | Q | Thank you. |
| 23 | A | You're welcome. |
| 24 | Q | Did you do anything else other than review |

25  documents to prepare for your deposition?

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022

```
1      A     Yes.

2      Q     When was the last time you looked at the

3    second amended complaint?

4      A     I don't recall.

5      Q     Have you ever looked at the second amended

6    complaint?

7      A     Yes.

8      Q     Do you have an attorney representing you in

9    this case?

10     A     No.

11     Q     Who have you talked to about this case to --

12   let me rephrase the question.

13           To whom have you spoken about this case

14   other than myself?

15     A     Attorney Stone.

16     Q     Okay.  Anybody else?

17     A     The judge.

18     Q     Anybody else?

19     A     I don't recall.

20     Q     Have you spoken to any current or former

21   Delta employee about this case?

22     A     Yes.

23     Q     Who?

24     A     Objection.

25           Erica Lee.
```

1    Q    Anyone else?

2    A    Not that I can recall.

3    Q    Have you spoken to Asah Azarmie about this

4    case?

5    A    I don't know anyone by the name.

6    Q    Have you spoken to anyone named -- that goes

7    by the name Azarmie, last name?

8    A    I don't know anyone by that name.

9    Q    Have you spoken to a person who goes by the

10   name Azarmie?

11   A    Objection.

12        I answered the question.

13   Q    You said you didn't know the person.  You

14   didn't answer whether you had spoken to them.  It's

15   an important question.

16   A    Objection.

17        No.

18   Q    Is there anybody other than Erica Lee that's

19   a current or former Delta employee that you have

20   spoken to about this case?

21   A    I don't recall at this time, but if you

22   leave space in the transcript I will provide that

23   information at a later day.

24   Q    Excuse me.

25        What would refresh your recollection as to

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022

Page 58

```
1            Yes.
2      Q     And during what period of time did you live
3    there?
4      A     Objection.
5            I don't recall at the moment, but that
6    information was provided to you in your office -- the
7    tenure.
8      Q     You don't recall when you lived there?
9      A     Objection.
10           I don't recall the exact dates at the
11   moment, but if you leave space in the transcript I'll
12   provide that at a later date.
13     Q     Did you live at that address during any
14   period in which this lawsuit has been pending?
15     A     Objection.  No.
16           DEPOSITION OFFICER:  We've been going a
17   little bit over an hour.
18           Is this a good time to take a quick break?
19           MR. MUNGER:  Sure.  Five-minute break okay?
20           DEPOSITION OFFICER:  Sure.
21           MR. MUNGER:  Okay.
22           (Break taken.)
23   BY MR. MUNGER:
24     Q     Ms. Brown, you understand you are still
25   under oath?
```

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022

Page 59

1        A    Yes.

2        Q    And I saw that you just took off an earbud,

3   correct?

4        A    Yes.

5        Q    Why did you have that earbud at this

6   deposition?

7        A    Objection.

8             Because I purchased it.

9        Q    Why did you bring it to this deposition; why

10  was it in your ear when we started this deposition?

11       A    Objection.

12            Because I use it as I'm driving and it was

13  in my ear as I was driving safely.

14       Q    Do you have an earbud in your other ear?

15       A    No, I do not.

16       Q    Okay.  You recall at the beginning of this

17  deposition you read a statement of the basis of

18  different objections you may make at this deposition,

19  correct?

20       A    Objection.

21            Yes.

22       Q    Who prepared that document?

23       A    Objection.

24            Myself.

25       Q    And how did you come up with those list of

1    Q    I didn't say you were unable to communicate.

2         Why did you communicate about your lawsuit

3    which was filed in 2020 when you had not worked in

4    Los Angeles until sometime before 2015?

5    A    Objection.

6         Communication never stopped with myself and

7    Erica Lee.

8    Q    Has Erica Lee filed any lawsuits against

9    Delta?

10   A    Objection.

11        I don't recall.  I'm not sure.

12   Q    Do you know whether she's ever filed any

13   complaint in State or Federal Court against Delta?

14   A    Objection.  I don't know.  I don't recall.

15   Q    Is it possible then she has not filed any

16   such lawsuit?

17   A    Objection.

18        I don't recall.  I don't know.

19   Q    Is there anything you could do to recall --

20   other than calling Ms. Lee and asking her is there

21   anything else you could do to recall the answer to

22   that question?

23   A    Can you rephrase the question.

24   Q    Other than calling Ms. Lee and saying have

25   you filed a lawsuit against Delta is there anything

```
 1    else you can do -- review records or anything you

 2    have that could refresh your recollection -- as to

 3    whether or not you know that she's filed a lawsuit?

 4        A    Objection.

 5             I'm sure it's possible.

 6        Q    Are you aware of any current or former Delta

 7    employees other than yourself that have filed

 8    lawsuits against Delta?

 9        A    Objection.

10             Not that I can think of at the moment.

11        Q    Other than your cell phone do you have a

12    computer, a laptop, a desk top?

13        A    Objection.

14             Can you rephrase the question.

15        Q    Other than your cell phone do you have a

16    computer?

17        A    Objection.

18             Do I have access to a computer or do I have

19    a computer?

20        Q    Let's start with do you have a computer, do

21    you own one?

22        A    Objection.

23             I have access to one.

24        Q    Okay.  Where is that computer located?

25        A    Objection.
```

1              I'm not sure the location at the moment.

2       Q     You are not sure of the location of the

3   computer that you have access to is?

4       A     At the moment I do not.

5       Q     So if you wanted access to this computer to

6   send an e-mail after this deposition is over where

7   would you go?

8       A     Objection.

9              I'm not sure at the moment.

10      Q     The recordings that we've talked about,

11  where you recorded conversations with Delta

12  employees, where are they located; are they located

13  on your cell phone?

14      A     Objection.

15             I don't believe so.

16      Q     They were originally on your cell phone,

17  correct, because you used your cell phone to make the

18  recordings?

19      A     Objection.

20             They were on a cell phone.

21      Q     But not the cell phone that we've talked

22  about that has the 760-552-9802 number?

23      A     Rephrase.

24      Q     But it's not your primary cell phone that

25  you used today?

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022

Page 79

```
 1          At the locations that were just mentioned.
 2     Q    The commercial locations?
 3     A    Objection.
 4          As well as other locations that have
 5   printers.
 6     Q    Like friends or family's printers?
 7     A    Objection.
 8          Correct.
 9     Q    Do you have access to a scanner?
10     A    Objection.
11          The same way I would have access to a
12   printer.
13     Q    Either through friends, or family or a
14   commercial establishment?
15     A    Objection.
16          Yes.
17     Q    Do you know what a CamScanner is?
18     A    Objection.
19          Can you repeat that question.
20     Q    Do you know what a C-a-m Scanner is?
21     A    A CamScanner?  At the moment I do not know
22   what a CamScanner is.
23     Q    Have you ever heard that phrase before I
24   just used it, that name CamScanner?
25     A    Objection.
```

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022                                    Page 80

```
 1              I feel like I've seen it before.
 2       Q      Do you have a CamScanner?
 3       A      Objection.
 4              I stated that I have -- I use the scanners,
 5    printers in commercial locations as you mentioned and
 6    friends and families.
 7       Q      But do you know whether or not you have a
 8    CamScanner?
 9       A      Objection.
10              Personally no.
11       Q      And you don't know what a CamScanner is?
12       A      Objection.
13              Not off the top of my head.
14       Q      When you are preparing documents for this
15    case -- for example, the list of objections that you
16    read or other documents that you've filed with the
17    court or sent to our offices -- where are you
18    preparing those documents?
19       A      Objection.
20              On computers, laptops, desktops.
21       Q      And these are as you said at friends and
22    family locations?
23       A      Objection.
24              Where I have access to computers.
25       Q      If the court were to order you to identify
```

1    the computer in which you drafted these documents

2    would you be able to do that?

3         A    Objection.

4              Can you rephrase the question.

5         Q    If the court were to order you to identify

6    what computers you used to draft these documents

7    would you be able to comply with that order?

8         A    Can you rephrase that question.

9         Q    If the court were to order you and say,

10   Ms. Brown, I want you to identify the computers that

11   you've used to draft documents that have been filed

12   in this case, would you be able to say yes, I can do

13   that and then do it?

14        A    Objection.

15             I'm not sure.

16        Q    How would you go about doing that, where

17   would you go?

18        A    Can you rephrase your question.

19        Q    If the court were to order you to do, say

20   within X days I want you to identify the computers

21   that you used to draft documents that were filed in

22   this case what would you do?

23        A    Rephrase the question.

24        Q    If the court made that order what would you

25   do?

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022

Page 83

```
1    a way to prove that you've drafted the documents that
2    have been filed on your behalf in this case?
3         A    Can you rephrase that question.
4         Q    So as you sit here today you cannot prove
5    that you drafted the documents that have been filed
6    in this case on your behalf?
7         A    Objection.
8              That was not stated.
9         Q    Can you -- can you prove that you drafted
10   these documents that have been filed on your behalf
11   in this case?
12        A    Rephrase the question.
13        Q    Can you prove that you drafted the documents
14   that have been filed on your behalf in this case?
15        A    Objection.
16             Possibly.
17        Q    How would you do that?
18        A    Objection.
19             I'm not sure at the moment.
20        Q    So you can't think of a way today?
21        A    Objection.
22             Not at the moment.
23        Q    Have you prepared any Requests For Admission
24   on Delta in this case?
25        A    Rephrase the question.
```

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022                          Page 84

```
 1        Q     Have you prepared a document called Request

 2   For Admission and sent it to our offices in this case

 3   for Delta to respond to?

 4        A     Rephrase the question.

 5        Q     Have you prepared Request For Admission --

 6   I'm going to say it again, Requests For Admission on

 7   Delta in this case?

 8        A     Objection.

 9              I don't recall at the moment.

10        Q     You don't recall whether you have or not?

11        A     Objection.

12              I don't recall at the moment.

13        Q     Do you know what a Request For Admission is?

14        A     Objection.

15              You can share it with me.

16        Q     I'm trying to establish what you know about

17   it.

18              Can you tell me what a Request For Admission

19   is?

20        A     Objection.

21              Not at the moment.

22        Q     Have you prepared interrogatories on Delta

23   in this case?

24        A     Objection.

25              Yes.
```

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022

1    this case?

2        A    Objection.

3            Yes.

4        Q    **What kind of legal research have you done?**

5        A    Objection.

6            I use Google to research required documents

7    in the process of this procedure.

8        Q    **How have you used Google?**

9        A    Can you rephrase the question.

10       Q    **How have you used Google in this case for**

11   **legal research?**

12       A    By typing -- objection.

13           By typing in what it is I'm looking for.

14       Q    **Can you give me an example?**

15       A    Objection.

16           What are objections.

17       Q    **Okay.  Have you done any research on legal**

18   **cases, legal decisions by courts in other cases?**

19       A    Can you rephrase the question.

20       Q    **Have you done any research about decisions**

21   **in other cases by courts for purposes of this case?**

22       A    Objection.

23           I don't understand the question.

24           Can you rephrase the question.

25       Q    **Have you read or parts of or all of other**

1    court's decisions since you've been pro se in this

2    case that you have done for purposes of this case?

3        A    Objection.

4             Yes.

5        Q    And how have you done that?

6        A    Objection.

7             On the internet.

8        Q    Okay.  Tell me how -- tell me what you've

9    done on the internet.

10       A    Objection.

11            I Google.

12       Q    What do you Google to find other lawsuits?

13       A    Objection.

14            I searched on Pacer.

15       Q    Anything else other than Pacer?

16       A    Objection.

17            Google as I stated.

18       Q    Anything else other than Google and Pacer?

19       A    Objection.

20            Not that I can think of at the moment.

21       Q    What is Pacer?

22       A    Objection.

23            It is a site that you are able to retrieve

24    information.

25       Q    What information can you retrieve on Pacer?

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022                                    Page 89

1      A    Objection.

2           Information in regards to lawsuits.

3      Q    And how does one go about getting

4  information about lawsuits on Pacer?

5      A    Objection.

6           I'm not sure at the moment.

7      Q    Do you have a subscription to Pacer?

8      A    Objection.

9           I do not.

10     Q    Have you subscribed to any legal services,

11  legal research services online for purposes of this

12  case?

13     A    Objection.

14          I don't recall.  I don't think so, I don't

15  recall.

16     Q    And on Google what are you typing in to get

17  information about other cases?

18          In other words, what is your search terms?

19     A    Objection.

20          I'm not sure at the moment.

21     Q    The other cases that you've researched are

22  they cases in Federal Court or in State Court?

23     A    Objection.

24          Both.

25     Q    To the extent they are State Court cases

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022                    Page 90

```
 1   what state would they be?
 2      A    Objection.
 3           Can you rephrase your question.
 4      Q    Let me ask this question first:  Your claim
 5   in this lawsuit is under a federal law, right, the
 6   Americans with Disability Acts?
 7      A    Objection.
 8           It's an ADA case.
 9      Q    ADA, right.  That's the Americans with
10   Disability Act, yes.
11           This lawsuit, your claim, is under the ADA,
12   correct?
13      A    Objection.
14           Correct.
15      Q    Do you know whether that's a federal statute
16   or a state statute in Georgia?
17      A    Objection.
18           I believe it's a state, but I can correct
19   that information if it's inaccurate at a later date.
20      Q    Okay.  So to the extent you have tried to
21   look at other state law cases it would be Georgia
22   cases?
23      A    Objection.
24           No.
25      Q    What states would you be looking at other
```

```
 1   than Georgia?
 2       A    Objection.
 3            Other states that I've seen similar
 4   lawsuits, any other lawsuits.
 5       Q    How does one establish that they're disabled
 6   under the ADA?
 7       A    Objection.
 8            There are several ways.
 9       Q    What is the definition of being disabled
10   under the ADA?
11       A    Objection.
12            I don't recall the definition at the moment,
13   if you'd like to share at the moment.
14       Q    What is a reasonable accommodation under the
15   ADA?
16       A    Objection.
17            Can you rephrase the question.
18       Q    What is a reasonable accommodation under the
19   ADA?
20            If you don't know you can say you don't
21   know.
22       A    Can you restate the question.
23       Q    Do you know whether the ADA refers to a
24   reasonable accommodation?
25       A    Can you rephrase that question.
```

1    Q    Do you know whether the ADA, the statute,

2    refers to something called a Reasonable

3    Accommodation?

4    A    At this -- objection.

5         At this moment I would have to pull that

6    information via my notes.

7         I do not know at this moment, but if you

8    leave a space I'll provide the information.

9    Q    If you would go back to Exhibit 1 -- if you

10   look at Page 2 it has a section at the bottom called

11   Skills and above that is Education.

12        Do you see the education?

13   A    Yes.

14   Q    So you got your high school degree at Mojave

15   High School in 2004; is that right?

16   A    Yes.

17   Q    And then you went to Regional Occupational

18   Program in 2008, 2009 in Victorville, California?

19   A    Yes.

20   Q    Any other formal education other than those

21   -- after high school any formal education other than

22   Regional Occupational Program?

23   A    Objection.

24        Briefly attended community colleges.

25   Q    Okay.  In California?

```
1    in this case?

2         A     Yes.

3         Q     Tell me what you did to do that.

4         A     Objection.

5               It's the same question.

6         Q     Yeah.

7               What did you do?

8         A     Can you rephrase the question.

9         Q     No, because you know the answer.

10              What did you do?

11              You either don't know the answer you can say

12   you don't recall, but that's an answer that -- you

13   are testifying that you prepared it and I'm asking

14   how you did.  And you are saying you don't understand

15   the question.

16        A     Objection.

17              Can you rephrase the question.

18        Q     When you prepared the second amended

19   complaint in this case what did you actually do to

20   prepare it?

21        A     Objection.

22              Can you elaborate.

23        Q     I'm trying to figure out the process you

24   went through to prepare the second amended complaint.

25              You said you might have done it on your
```

1    phone or you might have done it on a computer.

2              I'm starting with your phone first.

3              What would you have done if it was on your

4    phone?

5        A    Objection.

6              I'm not clear of your question.

7        Q    What's unclear about it?

8        A    Objection.

9              I am not clear about your question.  And I

10   requested that you rephrase the question so I can

11   understand.

12       Q    If you tell me why you don't understand it

13   -- what words do you not understand?

14             I can't rephrase it unless I understand why

15   you don't understand it.

16       A    Objection.

17             I don't understand what the question is

18   that's being asked.

19       Q    Okay.  I'm asking what actions you took on

20   your phone or on a computer to draft the second

21   amended complaint?

22       A    Objection.

23             I asked an attorney to rephrase the question

24   and I am still not clear in regards to the questions

25   he's asking me.  I would like to move forward to the

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022
Page 132

1    next question.

2        Q    You understand you can't just say I don't

3    understand the question when you don't want to answer

4    it, right?

5        A    Objection.

6             Yes.

7        Q    Okay.  When you drafted the second amended

8    complaint did you type it?

9        A    Objection.

10            On myself phone?

11       Q    I'm asking you that question.

12       A    Objection.

13            I'm not clear what you are asking.

14       Q    My question is did you type it?

15       A    Objection.

16            I do not understand your question.

17       Q    Do you know what typing is?

18       A    Objection.

19            Yes.

20       Q    Okay.  Then did you type it?

21       A    Objection.

22            Can you elaborate?

23       Q    No, because you know what typing means.  So

24    you know what it is -- of course you know what it is.

25            Did you type your second amended complaint?

1    next question.

2        Q    You understand you can't just say I don't

3    understand the question when you don't want to answer

4    it, right?

5        A    Objection.

6             Yes.

7        Q    Okay.  When you drafted the second amended

8    complaint did you type it?

9        A    Objection.

10            On myself phone?

11       Q    I'm asking you that question.

12       A    Objection.

13            I'm not clear what you are asking.

14       Q    My question is did you type it?

15       A    Objection.

16            I do not understand your question.

17       Q    Do you know what typing is?

18       A    Objection.

19            Yes.

20       Q    Okay.  Then did you type it?

21       A    Objection.

22            Can you elaborate?

23       Q    No, because you know what typing means.  So

24    you know what it is -- of course you know what it is.

25            Did you type your second amended complaint?

```
 1      A     Objection.

 2            I don't understand the question.  I've

 3      requested that you rephrase the question.

 4      Q     I know you have, because you don't want to

 5      answer the question.

 6            Did you type your second amended complaint

 7      on a phone or on a computer, either one?

 8      A     Objection.

 9            Yes.  I did create the document using a

10      phone.

11      Q     Okay.

12      A     And or a computer.

13      Q     Okay.  And what would you do -- turn on your

14      computer?

15            What would you do to create the document?

16      What software would you use?

17      A     Objection.

18            I don't understand the question.

19      Q     Let's say you did it on your computer.  And

20      you are going to say create the document.

21            How did you create the document?

22            I'll use your phrase.

23      A     Objection.

24            I don't recall at the moment, but if you

25      leave space in the transcript I will provide the
```

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022

```
1        A    Objection.
2             I did not state that information.
3             And as mentioned before I don't know who the
4   person you are speaking of that you mentioned
5   earlier, which was a question that you asked earlier
6   and I answered that question.
7        Q    Do you know what initial disclosures are in
8   a lawsuit?
9        A    Objection.
10            I don't recall at the moment.
11       Q    Do you know that you listed Mr. Azarmie as
12  one of your witnesses in this case in your initial
13  disclosures?
14       A    Objection.
15            I don't recall anyone that was listed --
16       Q    Do you recall that he was listed?
17       A    -- at the moment.
18            And I can provide that information at a
19  later date.
20       Q    Well, you are going to provide it today.
21            Do you know why he was listed on your
22  initial disclosures if you have no idea who this
23  person is?
24       A    Objection.
25            I don't recall at the moment.
```

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022

Page 136

1          And I can provide that information at a

2    later date.

3      Q    Why would you have listed him on your

4    initial disclosure if you have no idea who he is?

5      A    Objection.

6          There are several people listed.

7      Q    Why would you have listed him if you have no

8    idea who he is?

9      A    Objection.

10         I answered your question.

11     Q    No, you didn't.

12         You said there were other people you didn't

13   know.  No.

14         You said there are other people listed, that

15   was not my question.

16         Why did you list Azarmie if you did not know

17   who Azarmie was?

18     A    Objection.

19         There are other people that are listed that

20   are listed that I am -- I do not personally know.

21     Q    That's not an answer to my question.

22         Why would you have listed -- this is -- you

23   say you not only don't know, you never heard of

24   Azarmie is what you testified to.  No idea who

25   Azarmie is.

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022

Page 137

1        Then why would you have listed him as one of

2  your potential witnesses in this case in your initial

3  disclosures?

4     A   Objection.

5        I shared with you that I have people listed

6  that I do not personally know.

7     Q   I'm not asking whether you know Mr. Azarmie.

8  You are changing my question.

9        I'm asking why you would have listed him as

10  a witness if you had no idea who he was?

11     A   Objection.

12        Can you rephrase your question.

13     Q   Why did you list Mr. Azarmie as a potential

14  witness in your case when you have no idea -- when

15  you testify you have no idea who he is?

16     A   Objection.

17        As I stated, I provided several people in my

18  -- I listed several people.  And I do not know them

19  personally as I stated.

20     Q   I'm not asking about knowing personally and

21  I'm not asking about other people.

22        If we need to call the judge to get you to

23  answer this question we may need to do this.

24        But I'm asking only about Mr. Azarmie.  I'm

25  not asking whether you know him personally.

1          I'm asking why did you list Azarmie as one

2    of your witness if you have no idea who Azarmie is?

3          A    Objection.

4               I answered your question.

5          Q    You did not.

6               You talked about other people and personally

7    knowing other people.  It's not an answer to my

8    question.

9               My question is limited to Azarmie.

10         A    Objection.

11              I answered your question.  I listed people

12   that I do not personally know including him as you

13   are stating Mr. -- correct?

14         Q    As I'm stating --

15         A    Mr. -- it is a him.

16         Q    Well, he has represented himself as male and

17   female?

18         A    Oh.

19         Q    He or she.  So I'm just using the last name

20   of Azarmie.

21         A    I don't personally know these people.

22         Q    Do you have any idea who Azarmie is?

23         A    Objection.

24              Personally no I do not.

25         Q    And you can't testify as to why you listed

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022

1    Q    We'll move on.  I think I've established

2    what I need to establish.

3    A    You did.

4    Q    Do you know a Mia Patterson?

5    A    At the moment I do not recall the name.

6    Q    Do you know Rivindra Singh, S-i-n-g-h?

7         I should spell the first name

8    R-i-v-i-n-d-r-a.

9    A    I don't recall at the moment.

10   Q    Do you know a Stephanie Acosta?

11   A    I don't recall these names at the moment.

12   Q    Do you know a Robert Callender,

13   C-a-l-l-e-n-d-e-r?

14   A    I don't recall.

15   Q    Do you know a Carol Watts Lynch?   Three

16   names.

17   A    For the record, I'd like to object all the

18   questions that he's asked me in regards to the

19   individuals that he's naming.

20        Objection.  Carol Lynch.

21   Q    Carol Watts?

22   A    Carol Watts Lynch, yes.

23   Q    How do you know her?

24   A    Objection.

25        Colleague.

1      Q    At Delta?

2      A    That I worked with, yes.

3      Q    In Los Angeles or Atlanta?

4      A    Objection.

5           In Los Angeles.

6      Q    In Los Angeles.   Okay.

7           Kimberly Ng, last name N-g, do you know her?

8      A    I don't -- I don't know any of these people.

9   Well, I don't know her personally.

10     Q    Do you know anything about her?

11     A    Objection.

12          Yes.

13     Q    How do you know Kimberly?

14     A    I don't know her.

15          Objection.

16          I don't know her personally.

17     Q    Have you ever been in the same room with

18   her, have you ever seen her?

19     A    Objection.

20          I don't know her personally.

21     Q    But have you ever seen her?

22     A    Objection.

23          I have never seen her nor do I know her

24   personally.

25     Q    What is Carol Watts Lynch -- can you

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022

1  describe her appearance?

2     A    Objection.

3          Can you rephrase the question.

4     Q    Carol Watts Lynch who you said was a

5  colleague in California, affiliated with Delta, can

6  you describe her appearance in any way?

7     A    Objection.

8          At the moment I'm not sure what her

9  appearance is.

10    Q    Well, when you knew her was she -- do you

11 know what her race was?

12    A    Objection.

13         Yes, the same as mine.

14    Q    Okay.

15         Do you know approximately how old she was?

16    A    Objection.

17         At the moment I do not.

18    Q    Do you know if Sheandra Clark?

19    A    Can you rephrase the question -- repeat the

20 question.

21    Q    Are you familiar with anyone named Sheandra

22 Clark?

23    A    Objection.

24         At the moment I don't recall.

25    Q    How about Tricia Deals, D-e-a-l-s?

| | | |
|---|---|---|
| 1 | A | Objection. |
| 2 | | Yes. |
| 3 | Q | **You do know Tricia Deals?** |
| 4 | A | Objection. |
| 5 | | Yes. |
| 6 | Q | **Okay.  How do you know Ms. Deals?** |
| 7 | A | Objection. |
| 8 | | We worked together. |
| 9 | Q | **Where?** |
| 10 | A | Objection. |
| 11 | | Los Angeles Airport. |
| 12 | Q | **Okay.  Bobby Heilman, H-e-i-l-m-a-n?** |
| 13 | A | Objection. |
| 14 | | Are you able to tell me his title? |
| 15 | Q | **I'm not.** |
| 16 | A | Objection. |
| 17 | | I believe so. |
| 18 | Q | **And would that be as a colleague at** |
| 19 | | **Delta or --** |
| 20 | A | Objection. |
| 21 | | Yes, a colleague at Delta. |
| 22 | Q | **Where?** |
| 23 | A | Objection. |
| 24 | | I'm not sure of his position. |
| 25 | Q | **Okay.  Sonia Pusey, P-u-s-e-y?** |

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022

```
 1      A    Objection.

 2           I don't recall at the moment.

 3      Q    Jennifer Palmer?

 4      A    Objection.

 5           Yes, but I don't recall how I know her.

 6      Q    You don't recall?

 7      A    I said I don't recall how I know her.

 8      Q    Okay.  Evert Pratt, P-r-a-t-t.

 9      A    Objection.

10           I don't recall at the moment.

11           I have a question.

12           Do you by chance know how long this process

13    will be?

14      Q    It's not going to be much longer.  Let's

15    see, lawyers are notorious for thinking they are

16    going to be shorter than they are, but let's see,

17    1:58.  I'm certain I'll be done by 3:00.

18      A    Okay.

19      Q    And probably before then.

20      A    Thank you.

21      Q    Are you familiar with the concept of

22    Invasion of Privacy Under California law?

23      A    Rephrase the question.

24      Q    Are you familiar with the concept called

25    Invasion of Privacy Under California law?
```

1    A    Objection.

2         I don't recall at the moment.

3    Q    Have you ever heard of the phrase shotgun

4    interrogatory?

5    A    Objection.

6         I believe so.

7    Q    What does it mean?

8    A    Objection.

9         I don't recall at the moment.

10   Q    Do you know what the First Amendment to the

11   U.S. Constitution is?

12   A    At the moment -- objection.

13        At the moment I do not.

14   Q    Do you know what the concept of

15   attorney/client privilege is?

16   A    Objection.

17        At the moment I do not.

18   Q    Are you familiar with Rico Laws, R-i-c-o?

19   A    Objection.

20        At the moment I do not recall.

21   Q    Do you recall a time that you ever familiar

22   with Rico Laws?

23   A    Objection.

24        The question the last three questions you

25   asked I've done research and when creating the

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022

1    document I did my research and at that moment.  So at

2    this moment I don't recall what it is.

3        Q    Did you ever do research on Rico Laws?

4        A    Objection.

5             I believe so.

6        Q    Why would you have done research on Rico

7    Laws for this case?

8        A    Objection.

9             I didn't state for this case.

10        Q    Okay.  Did you do any research for Rico Laws

11    for this case?

12        A    Objection.

13             I don't recall.

14        Q    Is there -- have you ever filed any other

15    lawsuits other than this one against an employer?

16        A    Objection.

17             I don't recall.

18        Q    Have you ever filed any lawsuit against

19    Delta other than this case that you are being deposed

20    for?

21        A    Objection.

22             Can you rephrase the question.

23        Q    Have you ever filed any other lawsuit at

24    anytime of any nature against Delta Air Lines other

25    than the case for which you are being deposed for

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022

```
 1   today?

 2      A    Objection.

 3           I believe so.

 4      Q    When would you have filed another lawsuit?

 5      A    Objection.

 6           I don't recall.

 7      Q    Can you recall the year?

 8      A    Objection.

 9           Not at the moment, I don't recall.

10      Q    Can you recall what that lawsuit is about?

11      A    Objection.

12           Not at the moment.

13      Q    Okay.  Can you recall what legal claims are

14   in that lawsuit?

15      A    Objection.

16           Not at the moment.

17      Q    Was this lawsuit filed -- this lawsuit you

18   are referring to filed before or after the lawsuit

19   that is the subject of this deposition?

20      A    Can you repeat the question.

21      Q    The lawsuit that you -- the other lawsuit

22   you filed against Delta that you are testifying to

23   was that filed before or after this lawsuit was filed

24   meaning this lawsuit meaning the one you are being

25   deposed to today?
```

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022

| | | |
|---|---|---|
| 1 | A | Objection.  I think before and after. |
| 2 | Q | So there were two lawsuits? |
| 3 | A | I don't recall. |
| 4 | Q | Are you certain there's another lawsuit |
| 5 | | that's been filed against Delta? |
| 6 | A | Objection. |
| 7 | | Yes. |
| 8 | Q | Okay.  And is it -- are you certain whether |
| 9 | | it's one lawsuit or have there been more than one |
| 10 | | other lawsuit you filed against Delta? |
| 11 | A | Objection. |
| 12 | | I don't recall the number -- |
| 13 | Q | Okay. |
| 14 | A | -- at this moment. |
| 15 | Q | But at least one? |
| 16 | A | Can you rephrase your question. |
| 17 | Q | You said you filed at least one other |
| 18 | | lawsuit against Delta, the one we've been discussing |
| 19 | | other than this lawsuit, right? |
| 20 | A | Objection. |
| 21 | | Yes. |
| 22 | Q | Did you draft that other lawsuit? |
| 23 | A | Objection. |
| 24 | | No. |
| 25 | | No objection. |

1          Yes.

2      Q    Why did you wait so long to answer that

3    question?

4      A    Objection.

5          Because I'm able to.

6      Q    Meaning you are able to wait long to answer

7    a question; is that what you mean?

8      A    Objection.

9          Meaning I'm able to answer the question as I

10   answer the question.

11     Q    When did you start working at ICW?

12     A    Objection.

13         I started working with ICW on or about

14   August, September.

15     Q    Of 2022?

16     A    Scratch that.

17         It is '22 but September, October.

18     Q    September, October.

19     A    On or about.

20     Q    And you have claimed in the lawsuit that you

21   learned that you were terminated by Delta on or about

22   February 4, 2000, because you were trying to access

23   your internet and you were told you can't do it

24   because you were terminated; is that right?

25     A    Objection.

ROSANDA BROWN vs DELTA AIR LINES INC.
Rosanda Brown on 11/30/2022                    Index: space..states

space    16:22
  26:18
  29:25
  39:18
  41:13,22
  48:1  53:8
  54:6,8,18
  58:11
  63:15
  64:13
  66:14
  85:10  92:8
  105:10
  107:4
  113:15
  120:12
  121:2
  133:25
  139:17,20
  177:20
  185:7
speak    4:19
  12:2
speaking
  5:14  40:8
  52:1,10
  55:4,5
  86:19
  106:20
  117:12
  135:4
  146:13
  181:6
specific
  64:16,24
  106:19

specifically
  108:5
  197:11
specifics
  63:7
speculation
  5:5
spell    158:9
  162:7
spend    48:19
spending
  49:12
spent    54:10
spoke    151:14
spoken
  15:13,20
  16:3,6,9,
  14,20
  17:8,19,24
  33:12
spread
  180:23
staff    31:21
Stamped    3:15
  100:16
Staples
  77:19
start    4:14,
  15  68:1,4,
  10,21
  70:20
  73:17  96:6
  100:13

128:25
171:11
173:2
185:25
started    57:5
  59:10  63:1
  64:7  66:16
  67:14,23
  94:22
  171:13
  173:3,5
  176:5,7
  195:25
  196:3
starting
  94:17
  131:2
starts
  117:15
  118:8
state    4:12
  21:23
  33:11,13
  42:16
  69:13
  89:22,25
  90:1,16,
  18,21
  103:18
  108:9
  111:24
  121:18
  135:2
  142:2
  152:2
  168:9
  177:8

186:7,17
stated
  20:12,22
  26:13  42:7
  43:7  76:13
  80:4  83:8
  88:17  99:7
  100:5
  103:3
  104:3,8
  120:22
  122:11
  125:24
  137:17,19
  142:22
  144:5
  148:13
  152:4
  156:19,24
  160:15
  161:16,18
  196:17,19
  197:19
statement
  8:14  9:12
  21:1  46:5
  59:17
  64:23
  106:18
  118:12
statements
  116:4
states    90:25
  91:3  98:22
  104:20
  108:10,11,
  23  121:24



**ROSONDA M. BROWN**
21150 Hwy 18
Apple Valley, California 92307
(760) 552-9802
Rmbrown61@Yahoo.com

## SUMMARY:

Highly experienced Customer Service professional.
Able to handle a high volume of customers in a fast-paced
environment, with minimum supervision, while maintaining
emphasis on the highest quality of consumer service. Excellent
listening skills, oral and written communications. Comfortable in
interacting with all levels of the organization and public. Excellent
problem solving and negotiating skills. Able to make decisions
independently and quickly with minimal escalations. Practices
safety conscious behaviors in all operational processes and procedures

## EXPERIENCE:

**DELTA AIRLINE**                                              09/2015- Current
Atlanta, Georgia
Customer Service Agent (Ramp)
        Safely guide planes into gates and then push them back out again.
        Loading and unloading of baggage and cargo.
        Operate a variety of machinery and equipment, Including baggage loader belts, diesel
        pushback tractors and small baggage cart tugs.

**DELTA AIRLINE**                                              07/2014- 09/2015
Los Angeles, California
Customer Service Agent (Sky Club)
        Express excellent customer service while checking-in guest and throughout their visit.
        Assist guest with any flight/lounge concerns or issues.
        Sell memberships and day passes to customers.
        Assist with tidiness and appearance of the lounge.

**DELTA AIRLINE**                                              01/2013- 07/2013
Santa Ana, California
Customer Service Agent (Ticketing/Gates)
        Greet and check in passengers.
        Responsible for accurately weighting and tagging luggage.
        Make boarding announcements for the knowledge of passengers.
        Complete gate check-in including seat assignment changes
        Ensure the safety of passengers and staff members.

**DELTA AIRLINE**                                          09/2011-01/2013
Los Angeles, California
Customer Service Agent (Cargo)
        Check import/export documentation to
        Determine cargo contents.
        Breakdown and build up freight.
        Load and unload trucks with freight.

**VEOLIA/ SUPER SHUTTLE**                                  07/2010- 09/2011
Ontario, California
Curb Coordinator
        Assist customers with transportation info.
        Dispatch drivers to destinations.

**DESERT VALLEY HOSPITAL**                                 03/2008- 06/2008
Victorville, California
Medical Assistant
        Pulled and filed patients' medical records.
        Internship
        Answer phone calls.
        Enter medical information into data system.
        Assure accuracy of patients' profiles.

**WAL-MART**                                               03/2007- 06/2008
Upland, California
Customer Service
        Greet customers as they entered the store.
        Assist customers with purchasing items.
        Organize and maintain display items.
        Stock shelves with inventory.


**EDUCATION:**

Regional Occupational Program 2008-2009
Victorville, California
        Certificate
        Medical Insurance Billing and Coding, Medical Records Specialist,
        Introduction to Hospital Careers, and Anatomy/Medical Terminology.

Mojave High School 2000-2004
Hesperia, California
Diploma

**SKILLS:**
Customer Service, SNAPP, Delta Term, Typing 35wpm, Microsoft Excel, Microsoft Word, Spreadsheet,
Data Entry, Warehouse Packer, Forklift Operator. Excellent oral and verbal communication.

EEOC Form 5 (11/04)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: — Agency(ies) Charge No(s):

☐ FEPA
☒ EEOC    410-2019-0 1446

and EEOC

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Rosonda Brown | (404) 430-8835 | 6/1/1986 |

Street Address                City, State and ZIP Code
21150 Highway 18, Apple Valley, CA 92307

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Delta Airlines | 501+ | (800) 455-2720 |

Street Address                City, State and ZIP Code
1030 Delta Blvd., Dept. 982, Atlanta, GA 30354

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
|  |  |  |

Street Address                City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE    ☐ COLOR    ☐ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☒ RETALIATION    ☐ AGE    ☒ DISABILITY    ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest    Latest
8/17/2017    present

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I began working for the employer in September 2011 as a Cargo Customer Service Agent and later transferred to a Ramp Agent position. I have a disability of which the employer is aware. I requested the employer accommodate my disability by allowing me to work without lifting more than 35 lbs. The employer refused to accommodate my disability and sent me home from work. I also requested the employer allow me to work in a different position that would not involve lifting more than 35 lbs, but the employer refused. I applied for several other positions within the company, but the employer denied me all such positions. My doctor updated my lifting restriction to no more than 50 lbs in approximately August 2018. When I again attempted to get an accommodation and return to work, the employer's Job Accommodations Representative told me my lifting restrictions "do not prevent [me] from performing the essential functions of [my] position as a Ramp Agent." However, when I returned to work on August 28, 2018, the employer again sent me home.

II. The employer stated I was sent home because I could not perform the Ramp Agent position because I could not lift over 50 lbs and the position required me to lift 70+ lbs. To date, the employer has neither allowed me to return to work or accommodated my disability despite my continued efforts to apply for other open positions.

III. I believe I have been discriminated against because of my disability and retaliated against because of my accommodation requests in violation of the Americans with Disabilities Act of 1990, as amended.

RECEIVED

DEC 13 2018

EEOC-ATDO

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY — When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

_12/13/18_                     _[signature]_
Date                Charging Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EXHIBIT
2